**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MICHAEL SIGEL,**

      **Plaintiff,**

**-vs-**                 **Case No.  6:06-cv-135-Orl-31DAB**

**INTERPLAY ENTERTAINMENT CORP.**
**& CELERIS, INC.,**

      **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **APPLICATION FOR ATTORNEYS' FEES AND COSTS (Doc. No. 35)**
>
> **FILED:** **October 30, 2006**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

On February 2, 2006, Plaintiff Sigel, a world famous pool player, filed a Complaint against Defendants Interplay Entertainment Corporation ("Interplay") and Celeris, Inc., alleging trademark infringement under the federal Lanham Act, 15 U.S.C. § 1125(a) and Florida Statutes § 540.08 and misappropriation of name and/or likeness under Florida state law. Doc. No. 1. The claims arise out of the unauthorized use of Plaintiff's name and likeness in a Virtual Pool 2 game produced and sold by Defendants. Both Defendants failed to answer the Complaint and Plaintiff moved for default on

June 14, 2006. Doc. No. 26. Judge Presnell entered default judgment and a permanent injunction on September 29, 2006. Doc. No. 32.

**Analysis**

Plaintiff now seeks attorney's fees of $43,381.93 pursuant to the Lanham Act, 15 U.S.C. § 1117. Defendants have not filed a response.

Under section 1117, the Court may award reasonable attorney fees to a prevailing party under the Lanham Act in "exceptional" cases. *Neva, Inc. v. Christian Duplications Intern.*, Inc., 743 F. Supp. 1533, 1543 (M.D. Fla. 1990) (citing 15 U.S.C.A. § 1117(a)), *distinguished on other grounds, SEB S.A. v. Sunbeam Corp.*, 148 Fed. Appx. 774 (11th Cir. 2005). The Eleventh Circuit has defined an exceptional case as one that can be characterized as malicious, fraudulent, deliberate, and willful. *Burger King Corp. v. Pilgrim's Pride Corp.,* 15 F.3d 166, 168 (11th Cir.1994) (quoting H.R.Rep. No. 93-524, 93rd Cong. 1st Sess. (1974)); *Dieter v. B & H Indus.,* 880 F.2d 322, 329 (11th Cir. 1989). Even if a court finds that the case is exceptional, however, the award of attorney fees under the Lanham Act remains within the court's discretion. *Id.*

Judge Presnell granted Plaintiff's Motion for Default Judgment against Defendants on September 29, 2006. Doc. No. 32. The Court finds that Defendants' failure to timely respond to the Complaint and subsequent entry of default served to admit the well pled allegations of the Complaint, including that Defendants' use of Plaintiff's likeness was willful and deliberate. *See, e.g.*, *Buchanan v. Bowman,* 820 F.2d 359 (11th Cir.1987) (in defaulting, defendants "admit the plaintiff's well-pleaded allegations of fact."). Plaintiff has established that Defendants acted willfully in using Plaintiff's name and likeness without his authorization, and, thus, is entitled to attorney's fees. Defendants' continued infringement even after receiving notice from Plaintiff and their failure to

respond to the Complaint are further support for the awarding of attorneys fees. *PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F.Supp.2d 1213, 1217 (S.D. Fla. 2004). In addition, an award of attorney's fees will serve to deter future infringements, penalize Defendants for their unlawful conduct, and compensate Plaintiff for his fees and costs. *Id.*

Plaintiff has requested attorney's fees and costs in the amount of $41,731 for 139.6 hours of work. The supporting affidavits reflect that nine different billing timekeepers contributed to the legal product in this case, at rates ranging as high as $625.00 per hour. The Court finds that this amount is excessive. This case was routine and ultimately unopposed. The time entries include pre-litigation investigation and nonlegal work (such as purchasing products and handling press relations). Overall, the time and expertise required to prepare, file and serve an unfair competition complaint and obtain a default judgment on that complaint is simply far less than that reflected in Plaintiff's papers.[1] Thus, the Court declines to award plaintiff the full $41,731 he has requested.

Upon review of the record and Plaintiff's attorney time records, the Court finds that Plaintiff's fee request should be reduced to no more than $15,000 as the maximum reasonable amount appropriate for prosecution of this action. Accordingly, it is respectfully **RECOMMENDED** that Plaintiff be awarded attorney's fees of **$15,000** as an award of reasonable attorney's fees under section 1117(a).

With respect to costs, Plaintiff is limited to those items specified in 28 U.S.C. § 1920. The request for costs should be denied without prejudice to submission of a properly supported Bill of Costs, which will be taxed by the Clerk in the ordinary course.

---

[1] Notably, Plaintiff has not submitted any evidence that the time and charges are reasonable for litigation such as this case in the Orlando legal market.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 30, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy